### SOUTH SIDE BANK & TRUST CO. v. UNITED STATES.

#### No. 48C954.

United States District Court
N. D. Illinois, E. D.

Nov. 5, 1948.

Norman H. Nachman, of Chicago, Ill., for South Side Bank & Trust Co.

Otto Kerner, Jr., U. S. Atty. for the Northern Dist. of Ill., of Chicago, Ill., for United States.

CAMPBELL, District Judge.

Plaintiff brought this action pursuant to Section 3772 of the Internal Revenue Code, 26 U.S.C.A. § 3772, to recover taxes erroneously paid by plaintiff for income received in 1940. Plaintiff filed its return on March 15, 1941, and paid the tax during the course of the same year. Allegedly acting under the provisions of Section 3313 of the Code, 26 U.S.C.A. § 3313, plaintiff filed its claim for refund "on or about July 26, 1944". The claim being disallowed by the Commissioner of Internal Revenue, plaintiff thereupon brought this action. Defendant duly moved to dismiss the complaint on the ground that the action was barred by the limitations expressed in Section 322(b) (1) of the Code, 26 U.S.C.A. § 322(b) (1).

The provisions of the pertinent sections of the Code are:

Sec. 322(b) (1)—"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later."

Sec. 3313—"All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner within four years next after the payment of such tax, penalty, or sum."

■ It should be clear, therefore, that the present action is governed by the provisions of Section 322 rather than Section 3313. The plaintiff admitted, by its own allegations, that the tax was collected during 1941. Consequently, the outside date for filing a claim for refund was three years from the date the return was filed, i. e., March 15, 1944. Not having complied with the provision of the Code, plaintiff has lost its right of action, for the period within which the government consented to be sued had terminated. This result is in complete accord with that achieved in Jones v. Liberty Glass Co., 1947, 332 U.S. 524, 68 S.Ct. 229, 234: "We accordingly conclude that all income tax refund claims, whatever the reasons giving rise to the claims, must be filed within three years from the time the return was filed or within two years from the time the tax was paid, as provided in § 322(b) (1). The four-year period prescribed by § 3313 is inapplicable to such claims."

■ Furthermore, it should be noted as another ground for dismissal that the suit was brought against an improper party. It is expressly provided by statute that actions of this nature should be brought against the Collector of Internal Revenue and not against the government.

Defendant's motion to dismiss the complaint is, therefore, granted.